MASCOT STOVE AND MANUFACTURING COMPANY, INC., AND FIRE-
STONE TIRE AND RUBBER COMPANY, INC., IN BEHALF OF THEMSELVES
AND ALL OTHER CREDITORS OF L. C. TURNAGE, v. L. C. TURNAGE, TRADING
AS PITT HARDWARE COMPANY, AND W. J. HART, INTERVENER.

(Filed 8 March, 1922.)

**1. Receivers — Clerk Hire — Preferences — Statutes— Creditors' Suit—
Deeds and Conveyances—Assignment for Creditors.**

No preference is given either at common law or in equity, or by statute,
for clerk hire in a store for services rendered prior to the appointment
of a receiver for the owner, on application of creditors, C. S., 859, 860,
1113 (6), and no permissible interpretation in favor of such a preference
can be derived by analogy to our statutes applying to a voluntary assign-
ment for the benefit of creditors. C. S., 1609, 1618, or the other sections
of chapter 28.

**2. Statutes—Interpretation—Intent—Literal Construction.**

A statute is interpreted to ascertain and enforce its intent and meaning
from its language, and where it is plain, free from ambiguity, and ex-
presses a single, definite, and sensible meaning, that meaning is conclu-
sively presumed to be the one intended, and a literal interpretation is
given it by the courts.

APPEAL by intervener from *Lyon, J.,* at the September Term, 1921, of
PITT.

This is a civil action commenced in the Superior Court of Pitt
County by the Mascot Stove Manufacturing Company against L. C.
Turnage, trading as the Pitt Hardware Company. Upon the complaint,
R. T. Cox was appointed receiver of L. C. Turnage, who, as an indi-
vidual, was doing a hardware business in the town of Ayden, N. C.,
under the firm name or trade name of the Pitt Hardware Company.
At the time a receiver was appointed, and for several months prior
thereto, Wilbur J. Hart was working with the said Pitt Hardware
Company as a clerk in the stove store. Upon the appointment of the
receiver, W. J. Hart, by order of Hon. W. A. Devin, the judge then
holding the courts of the district, at the April Term, 1921, of the Supe-
rior Court of Pitt County, was allowed to intervene and become a party,
and by the order was allowed to file his claim with the receiver for a
preference for three months labor performed just prior to the appoint-
ment of the receiver. The said Wilbur J. Hart filed his claim for three
months services at $100 per month just prior to the appointment of the
receiver, and asked in said claim that the same be allowed as a preferred
claim, and that it be paid in full. The receiver disallowed said claim
for a preference, and allowed it as a general creditor's claim, from which
ruling of the receiver W. J. Hart, intervener, excepted and appealed
to the Superior Court, and the same came on to be heard at the Novem-
ber Term, 1921, of the Superior Court of Pitt County, and the ruling

of the receiver was sustained, disallowing the intervener's claim for a preference, to which order and judgment Wilbur J. Hart excepted and appealed.

*P. R. Hines and Julius Brown for intervener and appellant.*
*Albion Dunn and Lewis G. Cooper for R. T. Cox, receiver.*

Walker, J.    The facts in this appeal are very few, and, as we think, very simple.    The intervener, W. J. Hart, concedes that he has no lien or preference in the distribution of the assets of the defendant, at common law, or in equity, and bases his claim to one upon the provisions of C. S., 1618, which is a part of chapter 28, concerning voluntary assignments for the benefit of creditors, section 1609 providing: "Upon the execution of any voluntary deed of trust or deed of assignment for the benefit of creditors, all debts of the maker thereof shall become due and payable at once, and no such deed of trust or deed of assignment shall contain any preferences of one creditor over another, except as hereinafter stated."    Section 1618 is as follows:    "The trustee, after paying the necessary costs of the administration of the trust, shall pay as speedily as possible (1) all debts which are a lien upon any of the trust property in his hands, to the extent of the net proceeds of the property upon which such debt is a lien; (2) wages due to workmen, clerks, traveling or city salesmen, or servants, which have been earned within three months before registration of said deed of trust or deed of assignment, and other debts 'equally ratable.'"    Counsel for intervener relies on C. S., 1113 (6) and 860 as to receivers.    But the intervener presents a case of first impression and none of the sections of the statute warrant, nor do all of them combined warrant, the inference he draws from them, that an individual's assignment for the benefit of his creditors bears such a close resemblance to the remedy for the appointment of a receiver, in the cases specified in the statute (C. S., 859 and 860), as to justify us in reading into section 1618, as to assignments, any words that would confer a preference or a lien in favor of the intervener as a clerk in the debtor's store or place of business.    Nor is the contention sound, or permissible, that the office and duties of an assignee, under a general assignment for the benefit of creditors, and those of a receiver are even substantially alike.    One is appointed by the voluntary act of a debtor, while the other is appointed against the consent of the debtor.    The Legislature no doubt thought that, when the act of appointment was purely voluntary, the debtor should be just before he is generous, and therefore required him to prefer, at least as to a portion of their claim upon him, workmen, clerks, traveling salesmen and servants, but it is

plain that no such exception in their favor was intended in the case of a receivership, or could have been contemplated. We are not permitted to change the phraseology of a statute, and certainly not its meaning, so as to include a case not mentioned in it. This would be to amend the statute, which would be legislation and not construction. The object of all interpretation or construction is to ascertain the meaning and intention of the Legislature, to the end that the same may be enforced, which must be sought for first of all in the language of the statute itself, for it must be presumed that the means employed by the Legislature to express its will are adequate to the purpose, and do express that will correctly. If the language of the statute is plain and free from ambiguity, and expresses a single, definite, and sensible meaning, that meaning is conclusively presumed to be the one which the Legislature intended to convey, or, in other words, the statute must then be interpreted literally. This was said in *Abernethy v. Comrs.,* 169 N. C., 631.

The decision of the learned judge was clearly right, and there was no error, as alleged by the appellant.

Affirmed.