S. VANDERWAL v. VANCO DAIRY COMPANY.

(Filed 27 January, 1931.)

**1. Corporations H c—Receiver of insolvent corporation takes property subject to registered mortgage executed by corporation when insolvent.**

A receiver of an insolvent corporation acquires and holds its property subject to the liens of mortgages executed by the corporation when insolvent that have been duly registered prior to the time of his appointment, and such mortgages are enforceable against him.

**2. Fraudulent Conveyances A c—C. S., 1609, does not apply where property transferred does not constitute bulk of insolvent's property.**

A chattel mortgage of an insolvent corporation, executed and registered before the appointment of a receiver for it, will not be construed under the provisions of C. S., 1609, as in effect an assignment for the benefit of creditors in the absence of the fact that the property covered by the mortgage constitutes practically all of the property of the insolvent.

**3. Corporations H a—Duties of receiver of insolvent corporation are not substantially the same as those of assignee for benefit of creditors.**

The duties of one appointed as receiver in a creditors' bill for an insolvent corporation are not substantially like those of an assignee under a general assignment for the benefit of creditors.

**4. Estoppel C b—Seller accepting benefits may not maintain that sale was void for purchaser's failure to comply with terms of original contract.**

Where the seller has accepted a chattel mortgage or conditional sales agreement he may not maintain that the sale was void for the failure of the purchaser to comply with the original terms of the contract providing for a cash payment on delivery.

CIVIL ACTION, before *Cranmer, J.,* at March Term, 1930, of NEW HANOVER.

The plaintiff, who is a stockholder and president of defendant company, instituted an action on 7 July, 1927, to appoint a receiver for said company for the reason that the company was insolvent. Thereafter, on 25 July, 1927, a permanent receiver was appointed. On 22 March, 1927, the Creamery Package Manufacturing Company sold to the defendant certain machinery. The machinery was apparently sold on open account, but the original order stated the terms of said sale to be "$341.00 on arrival, balance evidenced by four 60-day notes, each note bearing 6% interest."

On or about 1 January, 1929, the Creamery Package Manufacturing Company filed an interplea in the above action alleging that the Vanco Dairy Company was insolvent at the time of the sale of said machinery, and furthermore, that at the time of the sale the defendant corporation agreed to execute and deliver as security for the purchase price of said machinery a conditional sales contract or chattel mortgage, and that said defendant had failed to comply with said agreement.

The evidence further disclosed that on 5 July, 1927, the defendant executed to the intervener, Creamery Package Manufacturing Company, a conditional sales agreement, in which the title and ownership of the machinery was vested in said Creamery Package Manufacturing Company. This conditional sales agreement or chattel mortgage was duly registered on 5 July, 1927, and consequently two days before the suit of plaintiff was instituted. Various creditors of defendant filed answers to the petition of the intervener alleging that the defendant was in-

solvent on 5 July, 1927, when said chattel mortgage was executed and recorded, and that the Creamery Package Manufacturing Company knew of such insolvency, and hence the execution of such conditional sales agreement or chattel mortgage was procured for the purpose of defrauding the creditors of said Vanco Dairy Company.

The cause came on for trial and the following issues were submitted to the jury:

1. Was the Vanco Dairy Company insolvent at the time of the execution of the conditional sales agreement as set out in the answers?

2. Did the Creamery Package Manufacturing Company have knowledge of the insolvency of the Vanco Dairy Company, or reasonable grounds to believe it was insolvent at the time of the execution of said conditional sales agreement?

3. Is the mortgage or conditional sales contract from the Vanco Dairy Company to the Creamery Package Manufacturing Company valid?

The jury answered the first issue "Yes"; the second issue "Yes"; and the third issue "No."

From the judgment upon the verdict the intervener appealed.

*Isaac C. Wright for Creamery Package Manufacturing Company, intervener.*
*Pace & Holmes and S. E. Loftin for creditors.*

BROGDEN, J. Is a conditional sales agreement or chattel mortgage executed to secure a preëxisting debt, at a time when the maker of such instrument is insolvent, valid and enforceable against a receiver for the maker, appointed subsequent to the proper registration of the instrument?

It has been uniformly held that a receiver for an insolvent takes and holds the property of such insolvent subject to valid and enforceable liens existing at the time of the appointment provided such liens have been properly executed and recorded. *Withrell v. Murphy,* 154 N. C., 82, 69 S. E., 748; *Acceptance Corporation v. Mayberry,* 195 N. C., 508, 142 S. E., 767. In order to obviate the application of this principle of law, the plaintiffs assert that the transaction set out in the record constitutes an assignment for the benefit of creditors, and is, therefore, governed by C. S., 1609, *et seq.* This position is not tenable for the reason that the court has noted the legal distinction between receivership and assignment for benefit of creditors. The line of demarcation between said remedies was recognized in *Mfg. Co. v. Turnage,* 183 N. C., 137, 110 S. E., 779, where it is written: "Nor is the contention sound, or permissible, that the office and duties of an assignee, under a general assignment for the benefit of creditors, and those of a receiver are even substantially alike."

It is true that there are many decisions of this Court holding in effect that if an insolvent grantor executes a chattel mortgage on practically all of his property to secure a preëxisting debt that ordinarily such transaction will be treated as an assignment, but this record contains no facts indicating that the property covered by the chattel mortgage in controversy constituted practically all of the property of the insolvent.

The cause was tried upon the theory of an assignment for the benefit of creditors and such theory is not maintainable under the law as applied to the facts appearing in the record. The law affords ample remedy to the creditors to attack the conditional sale or chattel mortgage, but the same having been duly executed and recorded before the appointment of a receiver, is valid upon its face.

The intervener insists that the property was originally sold upon condition that a cash payment be made and certain notes executed, and that as such conditions were not complied with, no title passed. This position is likewise untenable, for the reason that the creditor thereafter took the chattel mortgage or conditional sales agreement to secure the entire purchase price.

New trial.