McCANLESS MOTOR COMPANY v. A. J. MAXWELL, COMMISSIONER OF REVENUE.

(Filed 25 November, 1936.)

**1. Taxation B d—**

　　Provisions of a statute exempting property or transactions from the general tax therein levied will be strictly construed in favor of the State.

**2. Taxation B b—Second-hand automobiles taken in as part payment on other second-hand automobiles held subject to tax.**

　　Second-hand automobiles taken in by a dealer in part payment on other second-hand automobiles *are held* subject to the tax levied by secs. 400, *et seq.*, of ch. 445, Public Laws of 1933, upon resale of such second-hand cars by the dealer, the exemption from the tax provided by subsec. 11 of

sec. 404 of the act applying, by its terms, only to second-hand automobiles taken in by the dealer in part payment on new automobiles sold by the dealer.

**3. Statutes B a—**

Where a statute is not ambiguous, but expresses the legislative intent clearly, no means of interpretation other than the language of the statute may be used in its construction, and the legislative intent as expressed in the statute must be given effect.

APPEAL by defendant from *Small, J.,* at October Term, 1936, of WAKE. Reversed.

*I. M. Bailey and Hayden Clement for plaintiff, appellee.*
*Attorney-General Seawell and Assistant Attorneys-General McMullan and Bruton for defendant, appellant.*

SCHENCK, J. This was an action instituted by the plaintiff, a corporation engaged in the retail sale of automobiles in the city of Salisbury, against the defendant Commissioner of Revenue for the refund of $1,454.75 paid by the plaintiff to the defendant under protest, being taxes levied and collected by the defendant from 25 May, 1934, to 1 July, 1935, on the resale of second-hand or used automobiles taken in exchange for other second-hand or used automobiles which had been taken in part payment of new automobiles sold by the plaintiff and upon the sales of which new automobiles the maximum tax of $10.00 on the sale of any single article had been paid. The case was heard upon an agreed statement of facts and presents the question as to whether under the Emergency Revenue Act of 1933, ch. 445, Public Laws 1933, secs. 400, *et seq.,* sales of second-hand or used automobiles, other than the sales of those second-hand or used automobiles taken in part payment in the sales of new automobiles are exempt from sales tax. The answer to the question involves an interpretation of section 404, subsection 11, of said act, which reads:

"When in the sale of a new article a second-hand or used article is taken in part payment, the sale of the new article shall be reported at the full gross sales price. The resale of second-hand or used articles, taken in part payment in the sale of new articles, or the resale of articles repossessed by the vendor, may be excluded from gross sales taxable under this act if separate record is kept of all such transactions in such manner as may be prescribed or approved by the Commissioner of Revenue."

The trial judge was of the opinion, and entered judgment accordant therewith, that the resales of second-hand or used automobiles taken in exchange and part payment of other second-hand or used automobiles

which had been taken in part payment in the sales of new automobiles, upon the sales of which new automobiles the maximum tax of $10.00 on the sale of any single article had been paid, were exempt from sales tax. The defendant appealed to the Supreme Court, assigning as error the judgment of the Superior Court. We think, and so hold, that such assignment of error is well founded.

Section 406 of the Emergency Act of 1933 provides for the payment to the Commissioner of Revenue by retail merchants of one dollar for a license to engage in and conduct business, and for additional tax as follows: "Upon every retail merchant, as defined in this article, a tax of three per cent (3%) of total gross sales by every such person." Section 404, subsection 12, provides that the maximum tax on the sale of any single article shall be $10.00.

Section 406 imposes a tax upon each sale made by a retail merchant in this State, unless a sale be excepted from the provision of the statute. It is contended by the plaintiff that the sales upon which the tax sought to be recovered was paid were so excepted by section 404, subsection 11. ". . . It has been generally held that exemption from taxation must be strictly construed in favor of the taxing power." *Stedman v. Winston-Salem*, 204 N. C., 203 (205). ". . . No claim to exemption can be sustained unless it is clearly within the scope of the exempting clause." 37 C. J., 237. The language relied upon by the plaintiff is: "The resale of second-hand or used articles, taken in part payment in the sale of *new* articles, . . . may be excluded from gross sales taxable under this act if separate record is kept of all such transactions. . . ."

It appears from the agreed facts that the tax sought to be recovered in the instant case was not collected on the resale of second-hand or used automobiles taken in part payment of *new* automobiles sold, but was collected on the resale of second-hand or used automobiles taken in part payment or exchange of other second-hand or used automobiles which had been taken in part payment in the sales of new automobiles. The express wording of the exempting subsection of the statute, taken in its ordinary and commonly accepted meaning, includes only sales of second-hand or used articles taken in part payment in the sales of *new* articles, and does not include sales of second-hand or used articles taken in part payment of other second-hand or used articles, although such last mentioned articles had been taken in part payment of the sales of new articles.

There is really no ambiguity in the wording of the exempting subsection of the statute (subsection 11, section 404, ch. 445, Public Act 1933). It expresses plainly and clearly the intent of its framers and there is no occasion to resort to any means of interpretation other than to follow such intent. "This meaning and intention must be sought first

of all in the language of the statute itself. For it must be presumed that the means employed by the Legislature to express its will are adequate to the purpose and do express that will correctly. If the language of the statute is plain and free from ambiguity, and expresses a single, definite, and sensible meaning, that meaning is conclusively presumed to be the meaning which the Legislature intended to convey." *School Commissioners v. Aldermen,* 158 N. C., 191 (196).

The judgment of the Superior Court is

Reversed.