STATE v. PRESTON McMILLAN.

(Filed 23 May, 1951.)

**1. Statutes § 5a—**

Where the language of a statute is plain and unambiguous and expresses a single, definite and sensible meaning, such meaning is conclusively presumed to be the meaning intended by the Legislature.

**2. Homicide § 27i—**

G.S. 14-17, as amended, gives the jury the unconditional and unqualified right to recommend life imprisonment upon its finding that defendant is guilty of murder in the first degree, and defendant has a substantive right

to have the jury so instructed, and therefore a charge to the effect that the jury might recommend life imprisonment if the jury felt it warranted by the facts and circumstances, must be held for reversible error.

Appeal by defendant from *Frizzelle, J.*, at September Term, 1950, of Bladen.

Criminal prosecution upon an indictment charging that defendant on 30 July, 1950, did "unlawfully, wilfully, feloniously and of his malice aforethought kill and murder one Laura McMillan, against the form of the Statute," etc.

Defendant, upon arraignment, pleaded not guilty.

Upon the trial in Superior Court, the evidence offered by the State tends to show that defendant and Laura McMillan had been married about five or six years; that they lived about 100 yards from where her brother John H. Rhodie lived; that about 3 o'clock on afternoon of 30 July, 1950, Laura McMillan and defendant went to house of John and Jessie Rhodie,—Laura came in first, and defendant about a minute later; that they were arguing—defendant cursing; that he cursed for about 30 minutes; that defendant told Laura to let's go home, and she said she was going to her mama's house before she went home; that defendant pulled Laura out of the door by the arm and knocked her down with his fists, and dragged her to the woodpile, about 18 feet, and got an axe and hit her with the back of the axe on the back of her head, knocking her down; that she begged him not to kill her; that he said he was going to kill her; that he hit her three times, and cut her with the blade of the axe while she was lying down on the woodpile; that the first time he hit her with the axe she fell on her knees, and "the next time" he hit her she was lying down. And evidence for the State also tends to show that as defendant and Laura went out of the Rhodie's house they were cursing and knocking each other with their hands and fists; that neither of them had any weapon, until defendant got the axe. And "for the purpose of the record it is admitted by counsel for defendant that the deceased came to her death as a result of a blow or blows from an axe."

Defendant offered no evidence. His motions, aptly made, to dismiss the case were denied, and he excepted.

Verdict: "Guilty of murder in the first degree, in manner and form as charged in the bill of indictment."

Judgment: Death by inhalation of lethal gas.

Defendant appeals therefrom to Supreme Court, and assigns error.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Walter F. Brinkley, Member of Staff, for the State.*

*Worth H. Hester and R. J. Hester, Jr., for defendant, appellant.*

WINBORNE, J. By assignments of error 5 and 6, predicated upon exceptions 5 and 6, defendant challenges the correctness of these portions of the charge of the court to the jury:

"Under the law of the State at this time, the court instructs you that if you return a verdict of guilty of murder in the first degree as charged in the bill of indictment against the defendant, then you have the right and the power in the exercise of your discretion to accompany that verdict with a recommendation of life imprisonment for the defendant, and the statute giving that right and authority and discretion to the jury, also instructs or provides that it is the duty of the court to instruct the jury that they do have the authority, the right and the power to accompany their verdict of first degree murder with a recommendation of that sort if they feel that under the facts and circumstances of the crime alleged to have been committed by the defendant, they are warranted and justified in making that recommendation. That is a matter to be exercised by you gentlemen, in your own discretion"; and

"If the State has satisfied you upon the evidence beyond a reasonable doubt of the guilt of the defendant of murder in the first degree, it is your duty to so find. If you do so find and in the exercise of your discretion you think it proper to do so, you are authorized to accompany that verdict with the recommendation of life imprisonment for the defendant; if you do not so feel under the facts and circumstances, why then of course it is a matter that addresses itself to you as to whether or not you will make that recommendation."

Defendant contends, and properly so, we hold, that these instructions are erroneous, in that they inveigh against the provisions of the statute, G.S. 14-17, as amended by 1949 Session Laws of North Carolina, Chapter 299, Section 1, pertaining to punishment for murder in the first degree. This Section, as so amended, reads as follows: "A murder which shall be perpetrated by means of poison, lying in wait, imprisonment, starving, torture, or by any other kind of willful, deliberate and premeditated killing, or which shall be committed in the perpetration or attempt to perpetrate, any arson, rape, robbery, burglary or other felony, shall be deemed to be murder in the first degree and shall be punished with death: Provided, if at the time of rendering its verdict in open court the jury shall so recommend, the punishment shall be imprisonment for life in the state's prison, and the court shall so instruct the jury." The proviso embraces the 1949 amendment.

The language of this amendment stands in bold relief. It is plain and free from ambiguity and expresses a single, definite and sensible meaning, —a meaning which under the settled law of this State is conclusively presumed to be the one intended by the Legislature. *Asbury v. Albe-*

*marle,* 162 N.C. 247, 78 S.E. 146; *Mfg. Co. v. Turnage,* 183 N.C. 137, 110 S.E. 779; 44 L.R.A. (N.S.) 1189; *Motor Co. v. Maxwell,* 210 N.C. 725, 188 S.E. 389.

It is patent that the sole purpose of the act is to give to the jury in all cases where a verdict of guilty of murder in the first degree shall have been reached, the right to recommend that the punishment for the crime shall be imprisonment for life in the State's prison. (Compare *S. v. Shackleford,* 232 N.C. 299, 59 S.E. 2d 825.) No conditions are attached to, and no qualifications or limitations are imposed upon, the right of the jury to so recommend. It is an unbridled discretionary right. And it is incumbent upon the court to so instruct the jury. In this, the defendant has a substantive right. Therefore, any instruction, charge or suggestion as to the causes for which the jury could or ought to recommend is error sufficient to set aside a verdict where no recommendation is made.

In the light of these principles, we are of opinion and hold that the clause in the paragraph of the charge first quoted above, reading "if they feel that under the facts and circumstances of the crime alleged to have been committed by the defendant, they are warranted and justified in making that recommendation," and the phrase in the other quoted paragraph reading "under the facts and circumstances," impose unauthorized restrictions upon the discretion vested in the jury.

It may be noted that we are here dealing with a different factual situation from that involved in *S. v. Johnson,* 218 N.C. 604, 12 S.E. 2d 278, and those in the cases referred to there in the main opinion of the Court.

The Attorney-General for the State, and counsel for defendant cite decisions of the Supreme Court of the United States, and of the courts of last resort in other States treating the subject of recommendation of mercy by a jury, and the effect of such recommendation on question of punishment of the accused. They are of interest, and persuasive, but not controlling here. For annotations on the subject, see 17 A.L.R. 1117, 87 A.L.R. 1362, 138 A.L.R. 1230.

For error pointed out, it is ordered that there be a

New trial.