### STATE v. ERNEST RAY SIMMONS.

(Filed 17 October, 1951.)

**Homicide § 29—**

Upon a finding that defendant is guilty of murder in the first degree, the jury has the unbridled discretion to recommend life imprisonment, and no rule is prescribed for the guidance of the jury in coming to a decision as to whether or not it should do so, G.S. 14-17, and therefore an instruction to the effect that the jury should determine whether it was its duty to recommend life imprisonment must be held for prejudicial error.

APPEAL by defendant from *Carr, J.,* at June Term, 1951, of CRAVEN.

Criminal prosecution upon a bill of indictment charging that defendant on 20 April, 1951, did "feloniously, willfully, and of malice aforethought kill and murder one Joseph McGhee, contrary to the form of the statute," etc.

Defendant, upon arraignment, pleaded not guilty.

Upon trial in Superior Court the evidence offered by the State, taken in the light most favorable to the State, tends to support the charge of murder in the first degree against defendant.

On the other hand, defendant, while admitting that he was at the scene of the homicide, denied upon the witness stand that he was implicated in the killing, and offered other testimony which he contends supports his plea.

Verdict: Guilty of murder in the first degree as charged in the bill of indictment.

Judgment: Death by inhalation of lethal gas, as provided by law.

Defendant appeals therefrom to Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Charles L. Abernethy, Jr., for defendant, appellant.*

WINBORNE, J.   By his twenty-second exception on this appeal defendant challenges, and we hold properly so, the correctness of this portion of the charge given by the judge to the jury upon the trial in Superior Court:

"And in the event, if you should return a verdict of guilty of murder in the first degree, it would be your duty to consider whether or not under the statute, you desire and feel that it is your duty to recommend that the punishment of the defendant shall be imprisonment for life in the State's prison."

The error in this instruction is that it imposes upon the jury a duty not imposed by the statute, G.S. 14-17, as amended by Section 1 of Chapter 299 of 1949 Session Laws of North Carolina pertaining to punishment for murder in the first degree.   This amendment to the statute merely gives to the jury the right, at the time of rendering a verdict of murder in the first degree, in open court, to recommend that the punishment shall be imprisonment for life in the State's prison.   It is an unbridled discretionary right.   See *S. v. McMillan*, 233 N.C. 630, 65 S.E. 2d 212, where the provisions of this amendment to G.S. 14-17 were the subject of consideration and decision.   It is there stated: "The language of this amendment . . . is plain and free from ambiguity and expresses a single, definite and sensible meaning,—a meaning which under the settled law of this State is conclusively presumed to be the one intended by the Legislature" (citing cases).   The opinion then continues: "It is patent that the sole purpose of the Act is to give to the jury, in all cases where a verdict of guilty of murder in the first degree shall have been reached, the right to recommend that the punishment for the crime shall be imprisonment for life in the State's prison . . . No conditions are attached to, and no qualifications or limitations are imposed upon, the right of the jury to so recommend.   It is an unbridled discretionary right.   And it is incumbent upon the court to so instruct the jury.   In this, the defendant has a substantive right.   Therefore, any instruction, charge or suggestion as to the causes for which the jury could or ought to recommend is error sufficient to set aside a verdict where no recommendation is made."

And we now add that the statute prescribes no rule for the guidance of the jury in coming to decision as to whether or not the verdict should carry the recommendation.   Thus any attempt by the trial judge to give a rule in this respect must necessarily read into the statute something the language of the Legislature does not encompass.   The suggestion that any cause or reason is necessary to support the recommendation would violate the intent and purpose of the statute.   True, the statute expressly requires the judge to instruct the jury that in the event a verdict of guilty of murder in the first degree shall have been reached, it has the right to

recommend that the punishment therefor shall be imprisonment for life in the State's prison. No more and no less would be accordant with the intent of the amendment to the statute.

Therefore, this Court holds that the portion of the charge to which the designated exception relates is erroneous,—error for which there must be a new trial. Thus it is deemed unnecessary to consider other exceptions.

And it is here noted that the decision in *S. v. McMillan, supra,* was delivered only a few days before the trial in instant case was had. Hence, no doubt the decision there had not come to the attention of the trial judge.

Let there be a
New trial.