STATE v. JAMES L. REEVES.

(Filed 16 April, 1952.)

**1. Rape § 11—**

Evidence of defendant's identity as the person who had carnal knowledge of an eight-year-old girl, together with evidence of penetration, *held* sufficient to be submitted to the jury in a prosecution for rape. G.S. 14-21, G.S. 14-23.

**2. Criminal Law § 52a (1)—**

On motion to nonsuit, the evidence must be considered in the light most favorable to the State.

**3. Criminal Law § 52a (4)—**

Reconciliation of apparent discrepancies in the testimony, the weight of the evidence, and the credibility of the witnesses, are all matters for the jury and not the court.

**4. Criminal Law § 53—**

A party desiring more specific instructions on a subordinate phase of the case must make timely request therefor.

**5. Rape § 14—**

The recommendation of the jury for life imprisonment upon conviction of defendant of the crime of rape affords no ground of complaint on the part of defendant. G.S. 14-21.

APPEAL by defendant from *Bobbitt, J.,* January Term, 1952, of BUNCOMBE. No error.

The bill of indictment charged the defendant with the felony of rape. The State's evidence tended to show carnal knowledge of a girl eight years of age.

The State's witness testified that on the afternoon of 30 October, 1951, she was standing on the sidewalk in front of the Claxton School in Asheville when a man later identified as the defendant picked her up and took her down into the basement entrance of a near-by church and there committed a rape upon her person. There was other evidence in corroboration. The defendant, a man 30 years of age, denied his guilt and offered evidence tending to show he was elsewhere at the time the crime was alleged to have been committed.

The jury returned verdict of guilty of rape as charged, and recommended life imprisonment. From judgment imposing sentence in accord with the verdict the defendant appealed.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Styles & Styles for defendant, appellant.*

DEVIN, C. J.   The defendant assigns error in the ruling of the trial judge in denying his motion for judgment of nonsuit interposed at the close of the State's evidence and renewed at the conclusion of all the evidence.

No good purpose would be served by setting out in detail the evidence as deposed by the witnesses, but we deem it sufficient to say that all of the evidence shown by the record has been given careful consideration, and that we conclude that defendant's motion for judgment of nonsuit was properly denied. Evidence was offered tending to show the presence in this case of all the elements necessary to constitute the crime charged in the bill of indictment. The age of the State's witness, the identity of the defendant as the perpetrator of the offense, and carnal knowledge of the witness by the defendant are sufficiently shown to carry the case to the jury.

The defendant by his motion questions the sufficiency of the evidence of penetration, but considering all the evidence on this point, both that of the girl and the physician, we are of opinion that it was sufficient, if accepted by the jury, to make out this element of the crime of rape. G.S. 14-21; G.S. 14-23; *S. v. Monds,* 130 N.C. 697, 41 S.E. 789; *S. v. Bowman,* 232 N.C. 374, 61 S.E. 2d 107. On motion for nonsuit the State is entitled to have the evidence considered in its most favorable light. The reconciliation of any apparent discrepancy in the testimony, the weight of the evidence, and the credibility of the witnesses are all matters for the jury and not the court. *S. v. Hovis,* 233 N.C. 359, 64 S.E. 2d 564; *S. v. Robinson,* 229 N.C. 647, 50 S.E. 2d 740; *S. v. Lawrence,* 196 N.C. 562, 146 S.E. 395.

There was no specific exception to the judge's charge to the jury, nor request for special instructions on any phase of the case, but defendant assigns error in that the judge failed to instruct the jury in regard to the law relating to circumstantial evidence. As the State's case was based on the direct testimony of witnesses, we are unable to perceive ground for complaint on this score. If defendant desired more specific instructions on any subordinate phase of the case, timely request therefor should have been made. *S. v. Warren,* 228 N.C. 22, 44 S.E. 2d 207; *S. v. Brooks,*

228 N.C. 68, 44 S.E. 2d 482; *S. v. Hicks,* 229 N.C. 345, 49 S.E. 2d 639; *S. v. Glatly,* 230 N.C. 177, 52 S.E. 2d 277.

The defendant's motion to set aside the verdict and for a new trial were properly denied. The defendant denied his guilt and testified he was elsewhere at the time and place of the commission of the offense charged. He offered other evidence in support of his contention, but the jury accepted the State's evidence as true and rendered verdict that the defendant was guilty of rape as charged. The fact that the jury under proper instructions from the court, as required by G.S. 14-21, also recommended punishment of life imprisonment affords no ground of complaint on the part of the defendant. That was a matter in the discretion of the jury. *S. v. Simmons,* 234 N.C. 290, 66 S.E. 2d 897; *S. v. McMillan,* 233 N.C. 630, 65 S.E. 2d 212.

It is worthy of note that on cross-examination the defendant admitted numerous convictions for larceny, particularly of automobiles, and that he had been imprisoned in this State and in the Federal Penitentiary, and "that he had been in and out of prison since he was 13 years old."

The trial of the defendant on the charge of rape as contained in the bill of indictment was free from error, and the verdict and judgment will be upheld.

No error.