## STATE v. DALE JUNIOR ROOP.

(Filed 8 November, 1961.)

**1. Negligence § 31—**

Culpable negligence as a predicate for a charge of manslaughter or, under some circumstances, of murder, implies something more than actionable negligence in the law of torts, and is such recklessness or carelessness as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others, which recklessness or carelessness is a proximate cause of death.

**2. Same—**

The wilful, wanton, or intentional violation of a safety statute, or the unintentional or inadvertent violation of such statute when accompanied by recklessness of probable consequences of a dangerous nature, when tested by the rule of reasonable prevision, amounting to a thoughtless disregard of consequences or heedless indifference to the safety of others, is culpable negligence.

**3. Criminal Law § 99—**

On motion to nonsuit, the State is entitled to have the evidence considered in the light most favorable to it, and defendant's evidence must be disregarded unless it is favorable to the State or is not in conflict therewith and tends to explain and make clear the State's evidence.

4. **Automobiles § 59— Evidence held insufficient to show culpable negligence on the part of defendant.**

> The State's evidence tending to show that defendant, a short time before the fatal collision had drunk some intoxicating beverage, but without evidence that defendant was intoxicated or that either his physical or mental faculties were impaired, that he was operating his automobile on a gravel and tar road with no center line, passed one car traveling in the opposite direction, and then struck the car in which deceased was riding, which was following the preceding car at a distance of 100 to 150 feet, that defendant's car was some two feet on its left side of the highway at the time of the impact, but without evidence as to how far defendant's car traveled after passing the first car before it came over on the wrong side of the road, *is held* insufficient to establish an intentional, wilful, or wanton violation of G.S. 20-148 on the part of defendant or culpable negligence on his part in an unintentional or inadvertent violation of the statute, and defendant's motion to nonsuit in this prosecution for manslaughter should have been allowed.

APPEAL by defendant from *Sink, E.J.,* July 1961 Regular Term of ASHE.

Criminal prosecution upon an indictment charging the felony of manslaughter.

Plea: Not Guilty. Verdict: Guilty as charged in the indictment.

From a judgment of imprisonment, defendant appeals.

*T. W. Bruton, Attorney General, and Harry W. McGalliard, Assistant Attorney General, for the State.*

*Bowie, Bowie & Vannoy for defendant, appellant.*

PARKER, J. Defendant assigns as error the denial by the court of his motion for judgment of involuntary nonsuit made at the close of all the evidence. G.S. 15-173.

The State's evidence shows the following facts:

About 6:30 p.m. o'clock on 21 November 1959 Mack Spencer, 18 years old, was driving a 1955 Ford automobile north on N. C. Highway 194 in Ashe County at a speed of 40 or 45 miles an hour. Bobby Gene Campbell, 20 or 21 years old, the owner of the automobile, was sitting in the front seat on the right hand side. He had asked Spencer to drive, telling him he had drunk too much wine, and was too high to drive. About four hours previously Spencer had taken a little drink of wine out of Campbell's bottle. Spencer was following an automobile in front of him and driving about 100 to 150 feet in its rear. It was dark, Spencer had his lights on dim, and could see ahead about 75 to 100 feet. The highway is a gravel and tar road, 18 feet wide, with 8 feet shoulders on each side, and has no center line painted on it. At and near the scene of collision, hereafter set forth, the highway is

practically level, and has a slight curve. Spencer was driving down-grade, but the grade is not steep. He was intermittently braking his automobile.

Spencer first saw an automobile with its lights on meeting him, when it was passing the automobile in front of him. The grade for this automobile was up. Spencer does not know how far the approaching automobile was from him when he first saw it, nor how much time elapsed from his first seeing it until the collision occurred. The approaching automobile seemed to be coming pretty fast, but Spencer would not attempt to estimate its speed. It was coming straight into Spencer's automobile. Spencer pulled his automobile over as far as he could get to his right without going off the road into a high bank below him. The approaching automobile kept coming on, and hit Spencer's automobile in his right hand lane of travel. It was a head-on collision. In the collision Spencer was seriously injured, and Campbell received injuries resulting in his death en route to a hospital. The approaching automobile was a 1953 Pontiac driven by defendant Roop, 20 years old.

William Valentine, a highway patrolman, arrived at the scene about 7:40 p.m. o'clock. When he arrived the Ford was sitting completely off the highway on the north side headed in a northerly direction toward the edge of the highway. The Pontiac was sitting practically crossways in the highway. The automobiles were 7½ feet apart. Valentine testified: "Officer Burkett and I measured skid marks where the Pontiac was sitting after the point of impact, a distance of 66 feet, headed in a south direction. . . . I did not find any skid marks at or near the scene of the accident on the side of the road the Ford vehicle was proceeding on." He could find no skid marks for the Ford. Most of the mud, grease, and "stuff" he found on the highway were in the right hand lane headed north of the Ford automobile. He saw freshly "chipped places" in the gravel and tar road, "two feet from the center or 11 feet from the side, which would be two feet from the center line," where the front end of one of the automobiles had fallen down and cut out places in the road. The Pontiac automobile had in it the ordor of an alcoholic beverage.

Jimmy Sexton, a college student, saw defendant Roop at Marvin Spencer's service station about a mile from the scene of the collision a short time before the collision. Roop was a perfect stranger to him. He had no conversation with him. He was about a foot from him. From observation of Roop's actions he thought Roop had been drinking some intoxicating beverage.

Mack Spencer told the officers investigating the collision several times the deceased Campbell was driving the automobile, and did

not tell them he was driving it, until a month after the wreck, when presented with evidence that he, Spencer, was driving it at the time of the collision.

Darwin Walker, a witness for the State, carried Roop, Mack Spencer, and Campbell to the hospital in an ambulance. When Walker was recalled by the defendant, he testified he talked with Roop, and smelt no alcoholic odor on him or his breath.

The defendant's evidence tended to show that Mack Spencer was driving the Ford 70 to 75 miles an hour, travelling behind an automobile travelling at a like speed, that Spencer attempted to pass the automobile in front of him, and that the collision occurred on defendant's side of the road. That defendant was driving about 35 miles an hour. Defendant Roop had drunk no alcoholic beverage that day.

Culpable negligence, from which death proximately ensues, makes the actor guilty of manslaughter, and under some circumstances guilty of murder. *S. v. Cope,* 204 N.C. 28, 167 S.E. 456; *S. v. Wooten,* 228 N.C. 628, 46 S.E. 2d 868; *S. v. Norris,* 242 N.C. 47, 86 S.E. 2d 916; *S. v. Phelps,* 242 N.C. 540, 89 S.E. 2d 132.

Culpable negligence in the law of crimes necessarily implies something more than actionable negligence in the law of torts. *S. v. Stansell,* 203 N.C. 69, 164 S.E. 580; *S. v. Cope, supra; S. v. Becker,* 241 N.C. 321, 85 S.E. 2d 327; *S. v. Phelps, supra.*

Mere proof of culpable negligence does not establish proximate cause. To culpable negligence must be added that the act was a proximate cause of death to hold a person criminally responsible for manslaughter. *S. v. Everett,* 194 N.C. 442, 140 S.E. 22; *S. v. Satterfield,* 198 N.C. 682, 153 S.E. 155; *S. v. Lowery,* 223 N.C. 598, 27 S.E. 2d 638; *S. v. Phelps, supra.*

This Court said in *S. v. Cope, supra:* "Culpable negligence is such recklessness or carelessness, proximately resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others."

Actionable negligence in the law of torts is a breach of some duty imposed by law or a want of due care — commensurate care under the circumstances — proximately resulting in injury or death to another. It may be a negligent act or omission. Foreseeability of injury is a requisite of proximate cause. *Davis v. Light Co.,* 238 N.C. 106, 76 S.E. 2d 378; *S. v. Cope, supra.*

This Court speaking by *Denny, J.,* said in *S. v. Hancock,* 248 N.C. 432, 103 S.E. 2d 491: "The violation of a safety statute which results in injury or death will constitute culpable negligence if the violation is wilful, wanton, or intentional. But, where there is an unintentional or inadvertent violation of the statute, such violation stand-

ing alone does not constitute culpable negligence. The inadvertent or unintentional violation of the statute must be accompanied by recklessness of probable consequences of a dangerous nature, when tested by the rule of reasonable prevision, amounting altogether to a thoughtless disregard of consequences or of a heedless indifference to the safety of others."

It is familiar learning that on a motion for judgment of nonsuit the State is entitled to have the evidence considered in its most favorable light, *S. v. Reeves,* 235 N.C. 427, 70 S.E. 2d 9, and that defendant's evidence, unless favorable to the State, is not to be considered, except when not in conflict with the State's evidence, it may be used to explain or make clear the State's evidence, *S. v. Bryant,* 235 N.C. 420, 70 S.E. 2d 186.

The State's evidence, considered in the light most favorable to it, is that a short time before the fatal collision the defendant Roop by his actions caused a State's witness to form the opinion he had been drinking some intoxicating beverage. But there is no evidence that Roop was intoxicated, or under the influence of intoxicating liquor, or that his ability, either physically or mentally, to operate an automobile was impaired in any way.

The State's evidence, considered in the light most favorable to it, is that Roop was operating his automobile on a gravel and tar road with no center line painted on it some two feet on the wrong side of the road in Mack Spencer's lane of traffic, when the collision occurred, in violation of G.S. 20-148, and that skid marks extended 66 feet back of Roop's automobile. There is no evidence that the skid marks were on Roop's wrong side of the road. Patrolman Valentine's testimony for the State is: "I did not find any skid marks at or near the scene of the accident on the side of the road the Ford vehicle was proceeding on." Roop's automobile had passed the automobile Spencer was following at a distance of 100 to 150 feet behind it. The State has no evidence how far Roop's automobile was from the Spencer automobile, after it had passed the front automobile, before it came over on the wrong side of the road in Spencer's lane of traffic. There is no evidence that Roop's automobile was being driven at an unlawful rate of speed.

The facts in *S. v. Stansell, supra,* are distinguishable. In that case the defendant was operating his automobile on the wrong side of the road, at an unlawful rate of speed, while intoxicated.

We realize that many head-on collisions of automobiles are caused by one automobile being on its wrong side of the road, and that under such facts the erring motorist is guilty of actionable negligence in a tort action. The State's evidence here, considered in the light most favorable to it, shows actionable negligence on defendant's part suf-

ficient for a tort action, but, in our opinion, and we so hold, it fails to show on his part an intentional, wilful or wanton violation of G.S. 20-148 or an unintentional violation of the statute accompanied by such recklessness or carelessness of probable consequences of a dangerous nature, when tested by the rule of reasonable prevision, amounting to a thoughtless disregard of consequences or a heedless indifference to the safety of others, as imports criminal responsibility, and it also fails to show culpable negligence on defendant's part, as culpable negligence is defined in numerous decisions of this Court.

The ruling of the trial court on the motion for judgment of nonsuit at the close of all the evidence is

Reversed.