### STATE v. CLAUDE FRAY ELLER.

(Filed 11 April, 1962.)

**Automobiles § 59— Evidence held insufficient to be submitted to jury on question of culpable negligence.**

In this prosecution for manslaughter, evidence tending to show that defendant was confronted with deceased's vehicle approaching rapidly from the opposite direction on defendant's side of the highway, that defendant, when the vehicles reached a point about 75 feet apart, turned sharply to his left in order to avoid a head-on collision, and that at the same time the deceased turned his vehicle to the right and the collision occurred in deceased's proper lane of travel, *is held* insufficient to show either an intentional violation of G.S. 20-146, or an unintentional violation of the statute accompanied by such heedless indifference to the

rights and safety of others as to import criminal responsibility, and non-suit should have been granted.

APPEAL by defendant from *Armstrong, J.,* December Term 1961 of WILKES.

This is a criminal action in which the defendant was tried upon a bill of indictment charging him with manslaughter.

In the late afternoon of 9 August 1961, the defendant, operating a tractor-trailer owned by Piedmont Mountain Freight Lines, Inc., in a southerly direction on North Carolina Highway No. 16, approximately 2.6 miles west of North Wilkesboro, was involved in a collision with a 1952 Dodge automobile being driven by Jonah Lee Stone, deceased, and traveling in a northerly direction.

The State's evidence consisted primarily of testimony by the State Highway Patrolman who investigated the collision. He testified that the debris from the accident was located approximately 1-1/2 feet to the left of the center lane of the highway in deceased's lane of travel; that broken skid marks extended from near the point of impact in a northerly direction on defendant's side of the road for a distance of approximately 36 feet; that the right front portion of the tractor-trailer and the left front portion of the 1952 Dodge automobile were extensively damaged; that the defendant stated to him that the accident occurred in the following manner: The defendant, traveling at a speed of 30 miles per hour, had just negotiated a curve to his right when he observed a 1952 Dodge driven by the deceased approaching from the opposite direction and in his (defendant's) lane of travel. The deceased continued in defendant's lane of travel at a speed of 50-55 miles per hour until the vehicles reached a point about 75 feet apart. Defendant then turned the tractor-trailer sharply to the left in order to avoid a head-on collision. At the same time deceased turned to the right and a collision occurred in the deceased's proper lane of travel. The road at the point of collision was 22 feet wide with four-foot shoulders.

The defendant's evidence tended to corroborate his statements to the State Highway Patrolman as to the speed and location of the vehicles immediately prior to the accident.

From a verdict of guilty and the judgment imposed, the defendant appeals, assigning error.

*Attorney General Bruton, Asst. Attorney General Charles D. Barham, Jr., for the State.*

*McElwee & Hall for defendant.*

PER CURIAM. The Attorney General concedes that there was not sufficient evidence of culpable negligence adduced in the trial below to warrant its submission to the jury.

We concur in the view of the Attorney General. The evidence fails to show an intentional violation of G.S. 20-146 or an unintentional violation of this statute, accompanied by such recklessness or irresponsible conduct, or heedless indifference to the rights and safety of others, as to import criminal responsibility. *S. v. Hancock*, 248 N.C. 432, 103 S.E. 2d 491; *S. v. Roop*, 255 N.C. 607, 122 S.E. 2d 363.

The judgment below is

Reversed.