STATE OF NORTH CAROLINA v. MELVIN LANE

No. 686SC320

(Filed 31 December 1968)

**1. Homicide § 21; Criminal Law § 90— manslaughter — introduction of exculpatory statement — sufficiency of evidence**

In a prosecution for manslaughter of deceased with a knife, nonsuit is properly denied notwithstanding the State introduced a statement by defendant in which he asserted the death was accidental where defendant's statement further tended to show that at the time of the death he and deceased were arguing and that defendant was holding the knife in such a manner as to indicate the intentional use thereof.

**2. Homicide § 28— instructions — burden of proof of accidental death**

In this homicide prosecution, the court's charge did not place the burden on defendant to establish accidental death.

APPEAL by defendant from *Mintz, J.,* April 1968 Session, HERTFORD County Superior Court.

The defendant was charged in a proper bill of indictment with the crime of murder in the first degree. Prior to the commencement of the trial, the solicitor announced that he would not seek a verdict of murder in the first degree, but that he would seek a verdict of murder in the second degree or manslaughter. The defendant entered a plea of not guilty.

The evidence on behalf of the State tended to show that on 27 January 1968 Cleveland Lane, a brother of the defendant, died from a puncture wound in the mid portion of his left thigh, two inches below the groin. The wound was in front and was "cross ways the thigh." The evidence also tended to show that the defendant told the investigating deputy sheriff that he had bought a scouting knife Saturday afternoon, 27 January 1968, and had put in on his belt; that he went to a dance hall that night; that he began to argue with the deceased outside the dance hall; that deceased reached over and

took the knife out of its case and cut the defendant a little place on his finger about a quarter of an inch long; that they then went inside the dance hall and stood at the bar talking kind of loud; that their brother-in-law went over to them and asked the deceased to give the defendant back his knife; that the deceased initially refused to do so, but he later returned it to the defendant; that the brother-in-law then got the knife and took it over to the table where he was sitting; that a short time later the defendant went over to the table and told the brother-in-law, "if you are my friend, give me back my knife"; that the knife was returned; that the deceased thereafter approached the defendant on the dance floor and asked the defendant to buy him a drink of whiskey; and that he refused to buy the drink. The investigating deputy sheriff testified: "He said he was holding the knife in position with the blade up, while he was arguing with his brother and his brother fell over on it and stabbed himself, and said that his brother fell on the floor and he dropped the knife, he said his brother did not have anything in his hands at that time." A girl who was with the defendant on the occasion in question testified that she did not see the brother-in-law get the knife, "but I had told him to get it and keep it so that they wouldn't get in no trouble."

The defendant did not offer any evidence.

The jury returned a verdict of guilty of involuntary manslaughter, and from the imposition of a sentence of not less than six nor more than eight years in prison, the defendant appealed.

*Attorney General T. W. Bruton and Staff Attorney (Mrs.) Christine Y. Denson for the State.*

*Jones, Jones & Jones by Joseph J. Flythe for defendant appellant.*

CAMPBELL, J.

The defendant assigns as error (1) the failure of the trial court to sustain the motion for judgment as of nonsuit and to dismiss the action and (2) the charge of the trial court.

[1] The defendant contends that the motion for judgment as of nonsuit should have been sustained because all of the evidence tends to show that the death was accidental. He argues that where the State relies upon a statement made by the defendant, which statement tends to exculpate the defendant, the State is bound by it and the case should be dismissed as of nonsuit. He cites the following cases in support of this contention: *State v. Church,* 265 N.C. 534, 144 S.E. 2d 624; *State v. Bruton,* 264 N.C. 488, 142 S.E. 2d 169; *State v. Roop,* 255 N.C. 607, 122 S.E. 2d 363; *State v. Carter,* 254

N.C. 475, 119 S.E. 2d 461; *State v. Honeycutt,* 250 N.C. 229, 108 S.E. 2d 485; *State v. Watts,* 224 N.C. 771, 32 S.E. 2d 348; *State v. Todd,* 222 N.C. 346, 23 S.E. 2d 47; *State v. Fulcher,* 184 N.C. 663, 113 S.E. 769. However, each of these cases is readily distinguishable from the case at bar.

The statement made by defendant Melvin Lane to the investigating deputy sheriff not only asserted that the death was accidental, it indicated that there had been some difficulty between the defendant and deceased outside the dance hall; that the deceased had taken the knife away from the defendant and had cut the defendant on the finger with this knife; that the argument continued inside the dance hall; and that while they were arguing, the defendant was holding the knife in position with the blade up when the deceased was stabbed. The evidence did not completely exculpate the defendant because accidental death was not conclusively shown. There was some intimation of ill will or a quarrel between the defendant and the deceased, and the defendant was holding the knife in such a manner as to indicate an intentional use thereof.

> "Upon a motion for judgment of nonsuit the evidence offered by the State must be taken in the light most favorable to the State and conflicts therein must be resolved in the State's favor, the credibility and effect of such evidence being a question for the jury." *State v. Church, supra.*

Applying this rule to the case at bar, the conflicts in the testimony presented a question for the jury to determine. Therefore, the case was properly submitted to the jury. *State v. Foust,* 258 N.C. 453, 128 S.E. 2d 889.

This assignment of error is overruled.

[2] The defendant contends that the trial court's charge erroneously placed the burden of establishing accidental death on him. However, "involuntary manslaughter" was properly defined and the burden of satisfying the jury beyond a reasonable doubt of all the necessary elements of the offense was placed upon the State. No burden was placed upon the defendant. There was no prejudicial error in this charge and a review of the record discloses that the trial was fair and impartial.

This assignment of error is overruled.

No error.

MALLARD, C.J., and MORRIS, J., concur.