If there was any doubt in this case, it was upon the facts and not upon the law, for we think the rule of law was properly laid down by his Honor. In an action against *Page 162 
the defendant, his plea of son assault demesne must have averred that the prosecutor, just before his alleged battery on her, made an assault on him and would then have beaten him if he had not immediately defended himself against her; whereupon he did then and there defend himself against her, and, in so doing, did a little beat and ill-treat her. Precedent in 3 Chit. Pl., 1067. It is clear, therefore, that the law does not justify any assault by way of retaliation or revenge for a previous one by the prosecutrix, but only in the defendant's own defense; for it cannot be doubted that a party must be liable to the public for an assault in any case in which he would be to the private person in an action. In cases of homicide, indeed, there is an intermediate grade of guilt between that of the highest degree, murder, and a case of self-defense, which is manslaughter, in which there is palliation, but not justification. But in cases of battery merely, the party who strikes another must be guilty unless he be justified in committing it as an act of self-defense; for although, on the indictment, he need not plead the matter specially, but may insist on the defense under not guilty, yet the special matter given in evidence on not guilty, in order to be available, must be such as would support the special plea if it had been necessary to put it in. It is true, the defendant need not generally show affirmatively that the other party was in the act of striking again when he struck, as that is to (216) be presumed when the blow is returned immediately or the parties are in the attitude or position in which the first blow was given. It is therefore, ordinarily, necessary, in order to repel the presumption, that something should come from the State to satisfy the jury that in fact the first assailant had done, and that the defendant might have so seen; for, otherwise, the jury will generally and, indeed, naturally conclude that the defendant returned the blow, not in malice and in vengeance, but in defense of himself. How it is in any particular case is, of course, a question of fact for the jury; and we suppose they must have thought, here, that as the prosecutrix was a woman and several yards from the defendant, then on horseback on the opposite side of the fence, he could not have believed himself in further danger from her, and therefore that his alighting from his horse and going the several yards to her and striking her with a stick on the head was not in defense of himself, but an act of unmanly aggression on her. At all events, the inquiry was one for the jury, and their decision cannot be reviewed here, as we think the law was properly laid down to them. *Page 163