STATE v. GREEN.

(Filed March 16, 1904).

1. ASSAULT AND BATTERY—*Evidence—Self-defense—Questions for Jury.*

> The trial judge should not instruct that the defendant is guilty of assault and battery under his own evidence, if the jury could find from any phase of his evidence that he acted in self-defense.

2. INSTRUCTIONS—*Judge—The Code, sec. 413—Trial.*

> The trial judge should instruct "that if the jury find from the evidence" and not "if they believe the evidence."

MONTGOMERY, J., dissenting.

INDICTMENT against Thomas Green, heard by *Judge Frederick Moore* and a jury, at November Term, 1903, of the Superior Court of CRAVEN County.

The defendant was indicted for assault and battery upon Mack Hudson. There was testimony on the part of the State tending to show that the prosecuting witness was employed in a barroom as a clerk, and that about 11 o'clock at night the defendant, together with one Flowers, entered the barroom and called for the witness (Hudson); that he came into the room, and immediately Flowers demanded of him to know what he had been saying about the defendant. Thereupon a dispute arose between Flowers and the witness, which was followed by Flowers striking Hudson with his fists and knocking him down.

The defendant testified as follows.: "Flowers hit Hudson. He, Hudson, went behind the counter and got a pot and threw it at me, and I struck him with a bottle. I had to strike him to keep him from striking me. Hudson was drinking." On cross-examination he said: "After Hudson threw the pot at me, he was advancing on me. He was as far from me as the post at the corner of the bar, fifteen or twenty feet, behind the counter. I threw the bottle, partly filled with benzine, at him. He had thrown the pot at me. I threw the bottle at him because he threw the pot at me. I think he would have thrown something else at me. He was advancing on me when I struck him, but had nothing in his hand. Flowers had knocked Hudson down. I think Hudson intended to strike Flowers with the measuring pot which he threw." This was all the evidence offered by the defendant.

The Court instructed the jury that if they believed the evidence they should convict the defendant. The defendant excepted and appealed from the judgment pronounced upon a verdict of guilty.

*Robert D. Gilmer, Attorney-General,* for the State.
*D. L. Ward,* for the defendant.

CONNOR, J. The sole question presented upon the appeal is whether the Court was correct in instructing the jury that in any phase of the defendant's testimony he was guilty. This excludes from our consideration the testimony in behalf of the State. We are of the opinion that the case should have been submitted to the jury with proper instructions, to the end that the jury should say what portion of the defendant's testimony was true and what portion of it was untrue. His testimony, taken in one aspect, certainly establishes his guilt; it is equally true that taken in another

aspect he was not guilty. It is the province of the jury to say what portion of the testimony they will believe and what portion they will reject. Taking his testimony alone, there is nothing to show that he went there for the purpose of provoking or engaging in a difficulty with the State's witness. As he states the transaction, Flowers hit Hudson, Hudson threw a missile at him, and he was advancing on him, when he struck Hudson with the bottle. He says, "I had to strike him to keep him from striking me. He was advancing on me when I struck him, but had nothing in his hands." It is true that he says that he threw the bottle because Hudson threw the pot at him. It was the province of the jury to reconcile these statements, or reject that which they find untrue. If the jury shall find this to be a correct statement of the transaction, and shall further find that he had reasonable ground to apprehend that he would be stricken, that the witness was advancing upon him, and that he used no more force than was necessary, or reasonably appeared to be necessary under the circumstances, to prevent the assault, he would not be guilty. *State v. Davis,* 23 N. C., 125, 35 Am. Dec., 735. If, on the other hand, the jury should find that he threw the bottle at the witness because he threw the pot at him, he would undoubtedly be guilty; or, if they should find that he did not have reasonable ground to apprehend that he would be stricken, or having such reasonable ground he used excessive force, that is, more force than was necessary, or reasonably appeared to be necessary, he would be guilty. These are questions for the jury and not for the Court to decide.

If the jury find the transaction to be as testified by the State's witness, he would undoubtedly be guilty; but, for the purpose of passing upon the defendant's exception, we must take his testimony as being true, and exclude the consideration of the State's evidence. We would suggest that

this Court has held that the formula used by his Honor to the jury, that "if they believed the evidence they should convict the defendant," is open to criticism. *State v. Barrett,* 123 N. C., 753; *Sossamon v. Cruse,* 133 N. C., 470.

Section 413 of The Code prescribes the duty of the Judge in charging the jury: "He shall state in a plain and correct manner the evidence given in the case, and declare and explain the law arising thereon." We feel sure that the error of the learned and careful Judge who tried this case was an inadvertence. The testimony strongly tended to show the defendant's guilt, and doubtless so impressed his Honor.

In the administration of the criminal law, it is wise to observe the "landmarks," and preserve the well-defined rights and duties of the Court and jury.

The defendant's exception to his Honor's charge must be sustained, and for the errors complained of he is entitled to a

New Trial.

MONTGOMERY, J., dissenting. I regret to have to enter my dissent to the opinion of the Court, but after a careful examination of the evidence I am so clearly of the opinion that his Honor correctly instructed the jury as to their duty that I am constrained to do so. The State introduced evidence to the effect that the prosecuting witness, Mac Hudson, a negro, was employed in a barroom conducted by a negro in the city of New Bern, as a clerk, and that about 11 o'clock one Saturday night in July, 1903, the defendant Thomas Green, together with a man by the name of Flowers, both white men, entered the barroom and called for Hudson; that Hudson came into the room, whereupon Flowers demanded of him to know what he had been saying about the defendant Green, and that instantly a dispute arose between Flowers and Hudson, which resulted in Hudson being

knocked down by Flowers. There was evidence, too, that the defendant Green threw a bottle, partly filled with benzine, which struck Hudson on the forehead. The injury from the blow was a severe one. Prior to the throwing of the bottle by Green there had been no words between Green and Hudson and no demonstration by Hudson against Green, and that Green cursed Hudson before he struck him with the bottle. Green was examined as a witness in his own behalf, and said that Hudson went behind the counter and got the pot and threw it at him, and that he struck Hudson with the bottle. He said further that he had to strike Hudson to keep Hudson from striking him, and that Hudson was drinking, and advancing on him. On his cross-examination, however, he said that Hudson was fifteen or twenty feet off and behind the counter when he, the witness, threw the bottle at him, and that he threw the bottle at him because Hudson had thrown the pot at him. In the conclusion of his cross-examination he admitted, too, that he thought Hudson had intended to strike Flowers with the measuring pot when he threw it. The Court instructed the jury that if they believed the evidence they should convict the defendant.

From a careful examination of the evidence in the case, and from the testimony, especially of the defendant, it appears that even if Hudson had ever intended to or actually did have trouble with Green, the defendant, that he (Green) provoked it and was therefore himself guilty. But his own cross-examination shows that Hudson was behind his counter, fifteen or twenty steps from the defendant at the time when the defendant threw the bottle of benzine.

The defendant, as we have seen, admitted, too, that he thought Hudson, when he threw the measuring pot intended to strike Flowers who had knocked Hudson down. The testimony of the defendant in respect to the reason which

he gave for his assault on Hudson, viz., that he threw the bottle of benzine at Hudson because Hudson had thrown the measuring pot at him, cannot be a justification or excuse for his act. The law does not justify an assault by way of retaliation or revenge for a blow previously received. *State v. Gibson,* 32 N. C., 214. It appears further that Green did not deny that he cursed Hudson before any demonstration or word had been made or spoken by Hudson, and, as we have seen, the defendant admitted at the end of his cross-examination that he thought Hudson threw the measuring pot at Flowers.

Upon the whole matter, as I see it, there were no variant aspects of the evidence to be submitted to the jury. If it was true, the defendant was guilty in law; otherwise, he was not. His Honor expressed no opinion as to whether the jury ought or ought not to believe the evidence. He simply said, "If you believe the evidence, the defendant is guilty."