## STATE v. ERNEST RAY SIMMONS.

(Filed 29 October, 1952.)

**1. Homicide § 27c—**

An instruction to the effect that defendant's counsel had argued that the jury should return a verdict of guilty of murder in the first degree with recommendation for life imprisonment must be held for prejudicial error as tantamount to stating that counsel had tendered a plea of guilty to this offense. The error is not cured by the court's statement that if he was wrong he desired to be corrected, since a defendant will not be permitted to plead guilty to murder in the first degree, and tender of such plea would not be binding on him. G.S. 15-172.

**2. Homicide § 27i: Criminal Law § 53n—**

An instruction which enumerates the possible verdicts without including the right of the jury to return a verdict of guilty of murder in the first degree with recommendation of life imprisonment, and later charges the jury that upon certain facts it would be its duty to "return" a verdict of guilty of murder in the first degree, rather than that defendant would be guilty of murder in the first degree, must be held for prejudicial error, and such error is not cured by a later charge that if the jury should find the defendant guilty of murder in the first degree the jury could recommend life imprisonment. G.S. 14-17.

APPEAL by defendant from *Burney, J.,* at April Term, 1952, of CRAVEN.

Criminal prosecution upon a bill of indictment charging that defendant on 20 April, 1951, did "feloniously, willfully, and of malice aforethought kill and murder one Joseph McGhee, contrary to the form of the statute," etc.

Defendant, upon arraignment, pleaded not guilty.

Upon trial in Superior Court, as in the former trial in appeal from which a new trial was granted, 234 N.C. 290, 66 S.E. 2d 897, for error in the charge, the evidence offered, taken in the light most favorable to the State, tends to support the charge of murder in the first degree against defendant.

On the other hand, as in former trial, defendant, an illegitimate Negro boy, a waif, sixteen years, ten months and fourteen days old at date of alleged crime, as his evidence tends to show, while admitting that he was at the scene of the homicide, denied upon the witness stand that he was implicated in the killing, and offered other testimony which he contends supports his plea.

Verdict: Guilty of murder in the first degree.

Judgment: Death by inhalation of lethal gas, as provided by law.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Charles L. Abernethy, Jr., for defendant, appellant.*

WINBORNE, J.   At the outset let it be noted that defendant has been tried twice in the Superior Court of Craven County on substantially the same evidence, and thereon has been twice convicted of murder in the first degree.   Nevertheless, substantial prejudicial error in the second trial, from judgment in which this appeal is taken, is made to appear, which entitles him to a third trial.

I. In the course of the charge of the court to the jury, in stating contentions of the State and of the defendant, the court, after saying that the State contends that the jury ought not to believe defendant, and ought to render a verdict of murder in the first degree, stated the following: "Now, the defendant contends and says you should have a reasonable doubt about it.   (As I understand the counsel for the defendant has argued to you that you should return a verdict upon this evidence.   If I am wrong I want to be corrected.   I understand that the counsel for the defendant argued that you should return a verdict of murder in the first degree with mercy" . . .).   This is defendant's Exception 24.

In this connection, this Court has held that in this State a defendant will not be permitted to plead guilty to murder in the first degree. *S. v. Blue,* 219 N.C. 612, 14 S.E. 2d 635, and cases there cited.   For it is pro-

STATE *v.* SIMMONS.

vided by statute, formerly Sec. 3 of Chapter 85, Laws 1893, later Revisal 3271 and C.S. 4642, now G.S. 15-172, that the "jury before whom the offender is tried shall determine in their verdict whether the crime is murder in the first or second degree." And the Court states in *S. v. Matthews*, 142 N.C. 621, 55 S.E. 342, that this section applies equally to all indictments of murder, whether perpetrated by means of poison, lying in wait, imprisonment, starving, torture or otherwise, formerly C.S. 4200, now G.S. 14-17. In the instant case the defendant had pleaded not guilty, and the presumption of innocence followed him until and unless removed by the verdict of the jury,—the credibility of the testimony being for the jury to determine. *S. v. Maxwell*, 215 N.C. 32, 1 S.E. 2d 125; *S. v. Blue, supra.* And the statement: "I understand that the counsel for the defendant argued that you should return a verdict of guilty of murder in the first degree with mercy," is tantamount to saying that counsel tendered a plea of guilty of murder in the first degree, which counsel for defendant would have no right to make, and the court no authority to accept. Hence it is prejudicial to defendant. And it is no less prejudicial by reason of the court saying: "If I am wrong, I want to be corrected." Indeed, if counsel had then and there admitted that he made such argument the prejudicial effect would be as great, if not greater. And it would not be binding on defendant. *S. v. Redman*, 217 N.C. 483, 8 S.E. 2d 623.

II. Defendant further excepting to portions of the charge contends that the court's charge on the right of the jury to recommend life imprisonment, under provisions of G.S. 14-17, is not clear and tends to confusion.

Upon former appeal, 234 N.C. 290, speaking of G.S. 14-17, as amended by Sec. 1 of Chapter 299 of 1949 Session Laws of North Carolina pertaining to punishment for murder in the first degree, it is said that this amendment to the statute merely gives to the jury the right, at the time of rendering a verdict of murder in the first degree, in open court, to recommend that the punishment shall be imprisonment for life in the State's prison, that is, an unbridled discretionary right. And it is there stated that, true, the statute expressly requires the judge to instruct the jury in the event a verdict of guilty of murder in the first degree shall have been reached, it has the right to recommend that the punishment shall be for life in the State's prison. That no more and no less would be accordant with the intent of the amendment to the statute. See, too, *S. v. McMillan*, 233 N.C. 630, 65 S.E. 2d 212.

Now, in this aspect, testing the charge of the court in the instant case, in the light of the provisions of this amendment to G.S. 14-17, the matter as presented is not clear. Early in the charge the court instructed the jury "that you have the right under the evidence in this case to render

either one of several verdicts. You may find the defendant guilty of the crime of murder in the first degree; you may return a verdict of guilty of murder in the second degree, or you may return a verdict of guilty of manslaughter, or you may return a verdict of not guilty of any offense, just as you find the facts to be from the evidence in the case, applying thereto the law as given to you by the court. So your duty is to say by your verdict whether the defendant is guilty of murder in the first degree, murder in the second degree, manslaughter, or not guilty. It is a matter solely for you to determine whether he is guilty of the felony of murder whereof he stands indicted and determine the grade, or degree of guilt, if any you shall find, or to say by your verdict that he is not guilty of either offense charged in the bill of indictment as you may find from the evidence, may find under the rules of law that the court will give you to guide you." So far, so good—under the evidence in the case. But the amendment to G.S. 14-17 added an additional permissible verdict in a trial for murder in the first degree not known to the law prior to the adoption of that amendment, that is, "Guilty of murder in the first degree with recommendation of life imprisonment." Nevertheless, the court did not then instruct the jury that in the event a verdict of guilty of murder in the first degree shall have been reached, the jury had the right to recommend that the punishment shall be for life in the State's prison, that is, that the jury had the right to render a verdict of guilty of murder in the first degree with recommendation of life imprisonment. Hence the court, having undertaken to enumerate the possible verdicts, should then have included all possible verdicts.

It is true the court later read the statute, G.S. 14-17, as amended as above stated, without comment. But later in the charge the court gave further instructions on the law, for example, "I instruct you that if the State has satisfied you from the evidence and beyond a reasonable doubt" as to given state of facts, "it will be your duty to return a verdict of guilty of murder in the first degree." Like instructions were repeated three other times. So worded, these instructions making it the duty of the jury in such event to *return* a verdict of guilty of murder in the first degree, tend to conflict with the amendment to G.S. 14-17 as above recited. The effect would have been different if the court had substituted for the concluding clause, a clause that if the jury so found the given state of facts, defendant would be guilty of murder in the first degree.

And it is true that before concluding the charge the court again read to the jury the statute G.S. 14-17, as amended, following it with the instruction "And I instruct you, gentlemen, that if you find the defendant guilty of murder in the first degree under this statute, you could recommend life imprisonment."

III. There are numerous other assignments of error presented on this appeal. But since there is to be a new trial, it is not now deemed necessary to expressly consider them.

For errors pointed out substantive rights of the defendant, under the law, have been infringed. And for his transgression whatever a jury may find it to be, he may not be deprived of his liberty or required to forfeit his life but by the law of the land.

Let there be a

New trial.