### STATE v. FRANK W. CARTER, JR.

(Filed 9 November, 1955.)

**Homicide § 27i—**

  Under the amendment of G.S. 14-17 by Chapter 299, Session Laws of 1949, the trial court in a prosecution for murder must not only instruct the jury that they may recommend life imprisonment, but must also instruct them that the legal effect of such recommendation will be to mitigate the punishment to imprisonment for life in the State's Prison, and the failure of the court to do so must be held for prejudicial error upon appeal from conviction of murder in the first degree without recommendation of life imprisonment.

APPEAL by defendant from *Williams, J.,* and a jury, at February, 1955, Criminal Term of FRANKLIN.

Criminal prosecution upon a bill of indictment charging the defendant with the murder of Mrs. Janie Etheridge Wilder.

The jury returned a verdict of guilty of murder in the first degree, without recommendation of life imprisonment, and judgment was pronounced imposing sentence of death by asphyxiation, from which the defendant appeals.

*Attorney-General Rodman and Assistant Attorney-General Bruton for the State.*

*Willard Wilder and Ellis Nassif for the defendant, appellant.*

JOHNSON, J. The trial court did not tell the jury what the legal effect of a recommendation of life imprisonment would be, as required by statute. Decision turns on whether this failure to instruct was prejudicial error.

Prior to 1949, the punishment for murder in the first degree was death. A recommendation of mercy by the jury meant nothing as bearing on the duty of the judge to impose punishment. The recommendation was treated as surplusage. The death sentence followed as a matter of course. It was so fixed by statute, G.S. 14-17.

But this has been changed. Now, by virtue of Chapter 299, Session Laws of 1949, the statute (G.S. 14-17) contains a proviso which directs

that "if, at the time of rendering its verdict in open court, the jury shall so recommend, the punishment shall be imprisonment for life in the State's prison, *and the court shall so instruct the jury.*" (Italics added.)

The jury now has the discretionary right to recommend "imprisonment for life in the State's prison." Now the recommendation when made may not be treated as surplusage. The recommendation has the salutary effect of mitigating the punishment from death to imprisonment for life, and the Act of 1949 expressly provides that the "court shall so instruct the jury." Since the amendment, it is not enough for the judge to instruct the jury that they may recommend life imprisonment. The statute now requires that he go further and tell the jury what the legal effect of such recommendation will be, *i.e.,* that if they make the recommendation, it will mitigate the punishment from death to imprisonment for life in the State's prison.

In the case at hand, the jury were instructed that they might return a verdict of "guilty of murder in the first degree with a recommendation of life imprisonment, . . ." Nevertheless the record nowhere discloses any instruction to the effect that in the event of such recommendation, the punishment would be mitigated from death to imprisonment for life in the State's prison. It thus appears that the court inadvertently failed to comply with a mandatory requirement of the statute as now written.

The jury may have known, or correctly inferred from the instruction as given, that any such recommendation, if made, would have the effect of mitigating the punishment to life imprisonment, and it may well be that the jury gave due consideration to the question of such mitigation of punishment. On the other hand, there is the probability that the jury may not have understood the impact of the statutory amendment and the change wrought by it on the old law, under which a recommendation as to punishment was mere surplusage. Therefore the jury may have treated too lightly their right to recommend life imprisonment. Room is left for doubt. The mandate of the statute was not complied with. A new trial is necessary.

New trial.