STATE v. GEORGE CECIL COOK, JR.

(Filed 6 March, 1957.)

**Criminal Law § 53n: Homicide § 27i—**

In a prosecution for murder in the first degree, it is required that the court instruct the jury not only as to their right to recommend life imprisonment, but he must also instruct the jury as to the effect of such recommendation. G.S. 14-17.

APPEAL by defendant from *Campbell, J.,* November Term, 1956, of CLEVELAND.

Criminal prosecution on bill of indictment charging defendant with the murder of D. Z. Hollomon.

The record shows: "VERDICT: The Jury returns, in open Court, a verdict of GUILTY."

Thereupon, the court, reciting therein that defendant had been indicted, tried and convicted by jury "for Murder in the First Degree of D. Z. Hollomon," entered judgment imposing death sentence, from which defendant appealed.

*Attorney-General Patton and Assistant Attorney-General Bruton for the State.*

*C. C. Horn and A. A. Powell for defendant, appellant.*

PER CURIAM. The theory of the State's case was that of murder committed in the perpetration or attempt to perpetrate the felony of robbery. The jury were instructed that they might return a verdict of guilty of murder in the first degree, or a verdict of guilty of murder in the first degree with recommendation of life imprisonment, or a verdict of not guilty.

As in *S. v. Carter,* 243 N.C. 106, 89 S.E. 2d 789, and *S. v. Adams,* 243 N.C. 290, 90 S.E. 2d 383, the court failed to instruct the jury as to the legal effect under G.S. 14-17 of a verdict of guilty of murder in the first degree with recommendation of life imprisonment, namely, that such verdict would require that the court pronounce thereon a judgment of life imprisonment. The Attorney-General, with commendable frankness, concedes that the *Carter* and *Adams cases* control decision. The failure to comply with the mandatory provisions of G.S. 14-17 necessitates a new trial.

Since there must be a new trial for the reasons stated, we do not discuss the sufficiency of the verdict as recorded to support a judgment imposing a death sentence. In that connection, reference is made to *S. v. Matthews,* 142 N.C. 621, 55 S.E. 342, and *S. v. Bazemore,* 193 N.C. 336, 137 S.E. 172; also, G.S. 15-172.

New trial.