STATE v. ALLEN DENNY.

(Filed 29 October, 1958.)

**Homicide § 29—**

The 1949 amendment to G.S. 14-17 does not create a separate crime of "murder in the first degree with recommendation of mercy," but merely gives the jury, in the event it convicts defendant of murder in the first degree, the unbridled discretion to recommend that the punishment should be life imprisonment rather than death, and therefore an instruction, pursuant to statement of the solicitor, to the effect that the charge of murder in the first degree was no longer in the case, but that the charge of

murder in the first degree with recommendation of mercy was in the case, is prejudicial.

PARKER, J., not sitting.

APPEAL by defendant from *Preyer, J.*, at July 1958 Term of WILKES.

Criminal prosecution upon a bill of indictment charging defendant with the crime of murder in the first degree of one Boyden Richardson.

The record discloses the following: "Solicitor: 'May it please the Court, the defendant Allen Denny is charged here with murder in the first degree. At this time the State desires to try the case. The State will not ask for murder in the first degree under the statute, but will ask for a verdict of murder in the first degree with a recommendation of mercy.' (After discussion between the Court and defense counsel, Solicitor stated:) 'Gentlemen of the jury, at this time it appears that maybe the State should clarify the matter somewhat and the State now states that the State will ask for a verdict of guilty of murder in the first degree with a recommendation of mercy or a verdict of murder in the second degree or manslaughter as the evidence may warrant in the case, but the State is not asking for a verdict of murder in the first degree without a recommendation which would mean that if he was convicted of murder in the first degree that the Judge would have to impose a death sentence. The State is not asking for the death penalty in this case but rather for a verdict of guilty of murder in the first degree with a recommendation of mercy which would mean that defendant would not be electrocuted or gassed, or a verdict of second degree murder, or manslaughter, as the evidence may warrant. Of course, that can only be determined after the evidence has been heard by you, gentlemen of the jury.' "

Plea: Not guilty.

And upon the trial in Superior Court both the State and the defendant offered evidence, and the case was submitted to the jury under the charge of the court.

In this connection the court after stating to the jury that the defendant in this case, Allen Denny, stands indicted on a bill of indictment which charges him with the capital felony of murder in the first degree, charged the jury in part as follows:

"The Solicitor, on the calling of this case for trial, announced in open court that he would not seek a verdict of murder in the first degree at your hands, but would ask for a verdict of murder in the first degree with recommendation for mercy, or a verdict of murder in the second degree, or manslaughter, as the evidence and the facts might justify, that is the State is not seeking the death penalty in this case but is asking that you return a verdict of guilty of murder in the first degree with recommendation of mercy, which would mean life im-

prisonment, or murder in the second degree, or manslaughter, as the facts may justify." Defendant excepts to this charge.

And it is seen that all through the charge the jury was given instructions accordant with this theory;— and the jury returned the verdict of "(Guilty as charged) Guilty as charged of murder in the first degree with recommendation of mercy." Defendant moved (1) To set aside the verdict, (2) for a new trial, and (3) in arrest of judgment. The motions were severally denied, and defendant excepts in each instance.

The court entered judgment that defendant be confined in the Central Prison in Raleigh for life.

Defendant excepts thereto, and appeals to Supreme Court and assigns error.

*Attorney General Seawell, Assistant Attorney General Love, for the State.*

*J. H. Whicker, Sr., Allen, Henderson & Williams for defendant, appellant.*

WINBORNE, C. J.   The record on this appeal discloses that the case in hand was tried in Superior Court upon the theory that, in view of the statement by the Solicitor, as above recited, "the charge of murder in the first degree is no longer in this case, but the charge of murder in the first degree with recommendation for mercy is in the case." The question then arises as to whether there is in this State any crime known to criminal law as "murder in the first degree with recommendation of mercy." The answer is "No." Recommendation by the jury pertains to punishment, and is not an element of murder in the first degree.

In this connection, G.S. 14-17, as amended by Section 1 of Chapter 299 of 1949 Session Laws of North Carolina, provides that "A murder which shall be perpetrated by means of poison, lying in wait, imprisonment, starving, torture, or by any other kind of willful, deliberate and premeditated killing, or which shall be committed in the perpetration or attempt to perpetrate, any arson, rape, robbery, burglary or other felony, shall be deemed to be murder in the first degree and shall be punished with death: Provided, if at the time of rendering its verdict in open court, the jury shall so recommend, the punishment shall be imprisonment for life in the State's prison, and the court shall so instruct the jury. All other kinds of murder shall be deemed murder in the second degree, and shall be punished," etc.

The proviso embraces the 1949 amendment, and has been the subject of discussion in several cases. *S. v. McMillan,* 233 N.C. 630, 65 S.E. 2d 212; *S. v. Marsh,* 234 N.C. 101, 66 S.E. 2d 684; *S. v. Simmons,* 234

N.C. 290, 66 S.E. 2d 897; s. c. 236 N.C. 340, 72 S.E. 2d 743; *S. v. Dockery*, 238 N.C. 222, 77 S.E. 2d 664; *S. v. Conner*, 241 N.C. 468, 85 S.E. 2d 584; *S. v. Carter*, 243 N.C. 106, 89 S.E. 2d 789; *S. v. Adams*, 243 N.C. 290, 90 S.E. 2d 383; *S. v. Cook*, 245 N.C. 610, 96 S.E. 2d 842.

In the *McMillan case, supra*, this Court said that "The language of this amendment stands in bold relief. It is plain and free from ambiguity and expresses a single, definite and sensible meaning,— a meaning which under the settled law of this State is conclusively presumed to be the one intended by the Legislature." And, continuing, the Court then declared: "It is patent that the sole purpose of the act is to give to the jury in all cases where a verdict of guilty of murder in the first degree shall have been reached, the right to recommend that the punishment for the crime shall be imprisonment for life in the State's prison * * * No conditions are attached to, and no qualifications or limitations are imposed upon, the right of the jury to so recommend. It is an unbridled discretionary right. And it is incumbent upon the court to so instruct the jury. In this, the defendant has a substantive right. Therefore, any instruction, charge or suggestion as to the causes for which the jury could or ought to recommend is error sufficient to set aside a verdict where no recommendation is made."

Thus the statute "commits the matter to the unrestrained discretion of the jury." *S. v. Marsh, supra*, citing the *McMillan case*. To like effect are the holdings in above cited cases.

In *S. v. Carter, supra*, opinion by *Johnson, J.*, it is stated: "Prior to 1949, the punishment for murder in the first degree was death. A recommendation of mercy by the jury meant nothing as bearing on the duty of the judge to impose punishment. The recommendation was treated as surplusage. The death sentence followed as a matter of course. It was so fixed by statute, G.S. 14-17.

"But this has been changed. Now by virtue of Chapter 299 Session Laws of 1949, the statute (G.S. 14-17) contains a proviso which directs that 'if at the time of rendering its verdict in open court, the jury shall so recommend, the punishment shall be imprisonment for life in the State's prison, and the court shall so instruct the jury.'" And it is then declared that "the jury now has discretionary right to recommend 'imprisonment for life in the State's prison'. Now the recommendation when made may not be treated as surplusage. The recommendation has the salutary effect of mitigating the punishment from death to imprisonment for life, and the Act of 1949 expressly provides that the 'court shall so instruct the jury * * *.' It is not enough for the judge to instruct the jury that they may recommend life imprisonment. The statute now requires that he go further and tell the jury what the legal effect of such recommendation will be, i.e., that if they make the recommendation, it will mitigate the punish-

ment from death to imprisonment for life in the State's prison." To like effect are *S. v. Adams, supra,* and *S. v. Cook, supra.*

It is fair to say that the case of *S. v. Green,* 246 N.C. 717, 100 S.E. 2d 52, doubtless caused the procedure followed in this case. There the defendant was charged with rape, and the Solicitor for the State made this announcement at the outset of the trial: "The State will not ask for a verdict of guilty of the capital crime carrying the death penalty, but will ask for a verdict of guilty of rape, with the recommendation of life imprisonment or guilty of attempt to commit rape, as the facts and law may justify." The jury returned verdict of "Guilty of an assault with intent to commit rape."

And on appeal to this Court there was no exception to the statement of the Solicitor, and consideration of it was not essential to decision on matters presented. Hence no expression of opinion by this Court in respect thereto was then made. The statement of the Solicitor had been by-passed, so to speak, by the verdict of the jury finding defendant guilty of a lesser offense than rape.

For reasons stated herein the judgment in the instant case will be arrested, and a new trial ordered.

New Trial.

PARKER, J., not sitting.