## STATE v. ROY FRANKLIN OAKES.

(Filed 10 December, 1958.)

**1. Criminal Law § 114:    Homicide § 29—**

It is error for the court, after giving correct instructions as to the

STATE *v.* OAKES.

right of the jury to recommend life imprisonment if they should find defendant guilty of murder in the first degree, to instruct the jury that the State contended that the jury should not recommend that the punishment should be imprisonment for life. G.S. 14-17.

**2. Criminal Law § 139—**

On appeal in a capital case the Supreme Court will review the record and take cognizance of prejudicial error *ex mero motu.*

**3. Homicide § 16—**

The introduction in evidence of a peace warrant together with affidavit made by the deceased two days prior to her death, is error, and such error *held* not cured in this case by an instruction undertaking to limit the purpose of the introduction of the peace warrant, since the whole was before the jury.

**4. Homicide §§ 8, 24—**

An instruction on the defense of drunkenness rendering defendant incapable of premeditation and deliberation that the defense of drunkenness is one which is dangerous in its application, is erroneous as an expression of opinion by the court on the evidence prohibited by G.S. 1-180.

PARKER, J., not sitting.

APPEAL by defendant from *Sharp, Special J.,* at April 14, 1958 Criminal Term of GUILFORD (Greensboro Division).

Criminal prosecution upon a bill of indictment charging defendant with the crime of murder in the first degree of Alice Mae Oakes.

Plea: Not guilty.

Upon the trial in Superior Court both the State and the defendant offered evidence, and the case was submitted to the jury under the charge of the court.

Verdict: The jury returned a verdict of guilty of murder in the first degree, as charged in the bill of indictment.

Judgment: Death by inhalation of lethal gas as provided by law.

Defendant excepts and gives notice of appeal, and appeals to Supreme Court and assigns error, and is permitted to appeal without making bond, that is, *in forma pauperis,*—the County to pay costs incident thereto.

*Attorney General Seawell, Assistant Attorney General Harry W. McGalliard, for the State.*

*Adam Younce for defendant, appellant.*

WINBORNE, C. J.   For error in the course of the trial of this case in Superior Court, as revealed on the face of the case on appeal, this Court is impelled, *ex mero motu,* to order a new trial. *S. v. McCoy,* 236 N.C. 121, 71 S.E. 2d 921, and numerous other cases of like import.

The error arises in this manner. The trial judge correctly charged that where a verdict of guilty of murder in the first degree shall have

been reached by the jury, it has the unbridled discretionary right to recommend that the punishment for the crime shall be imprisonment for life in the State's Prison,—instructing the jury that there are no conditions attached to and no qualifications or limitations imposed upon the right of the jury to so recommend, in keeping with the provisions of G.S. 14-17, as amended by Sec. 1 of Chapter 299 of 1949 Sessions Laws of North Carolina. See *S. v. Denny,* 249 N.C. 113, 105 S.E. 2d 446, and cases there cited.

And as stated in the *Denny case, supra,* quoting from *S. v. Mc-Millan,* 233 N.C. 630, 65 S.E. 2d 212, "It is incumbent upon the court to so instruct the jury. In this the defendant has a substantive right. Therefore, any instruction, charge or suggestion as to the causes for which the jury could or ought to recommend is error sufficient to set aside a verdict where no recommendation is made."

But when the trial judge came to state the contentions of the State these statements appear:

"The State says and contends that your verdict should be murder in the first degree. That your verdict should stop there and that you should not recommend that his punishment be imprisonment for life."

And again, "The State says and contends that your verdict should be guilty of murder in the first degree and that you should not recommend that his punishment should be imprisonment for life in the State's Prison * * *."

And even though on appeal to this Court there is no exception to either of the statements of contentions of the State, it is manifest that the statements run counter to the statute G.S. 14-17. Error is clear, and this Court, of its own motion, must declare. For in capital cases the Supreme Court will review the record and take cognizance of prejudicial error *ex mero motu.*

Moreover, there are several assignments of error based upon exceptions to matters occurring in the trial below, some of which merit attention since the case goes back for a new trial.

1. Defendant contends that the court erred in permitting the State to offer in evidence a peace warrant together with affidavit of Alice Oakes, the deceased, upon which the warrant was issued. It is argued that the statements and allegations therein are purely hearsay—that they were not made in his presence, and he had no opportunity to confront or to cross-examine the complainant with reference to the matters alleged.

The Court is of opinion that the exception has merit. See Stansbury on North Carolina Evidence, Sections 138-139. True the court, in charging the jury, undertook to limit the purpose of the introduction of the peace warrant; but the whole was before the jury, and it is feared

that the impression was not so easily removed from the minds of the jurors.

2. Defendant also excepts to the action of the court in instructing the jury, as shown by Assignment 6, Exception #8, as follows:

"Now, for obvious reasons, gentlemen, the defense of drunkenness is one which is dangerous in its application and the evidence tending to show the defendant was intoxicated should be carefully scrutinized and weighed with great caution before you accept it. However, if, after having done so, you find from the evidence that by reason of intoxication or by reason of intoxication, plus loss of sleep, the defendant's reason was dethroned and he was utterly incapable of forming a deliberate and premeditated intent to kill or if such evidence raises in your mind a reasonable doubt that he killed the deceased with premeditation and deliberation, it would be your duty to acquit the defendant of the charge of murder in the first degree."

The vice in this instruction, pointed out by defendant, is in the expression that "the defense of drunkenness is one which is dangerous in its application." It appears, seemingly, that this expression was originally made in the opinion in S. v. Shelton, 164 N.C. 513, 79 S.E. 883. It does not appear to have been intended for use by a trial judge in instructing the jury. And while the expression has found lodgment in some later cases, it is clearly an expression of opinion by a judge in giving a charge to the petit jury, which is prohibited by statute. G.S. 1-180. Therefore, the use of such expression by a judge in so charging the jury is hereby expressly disapproved. And opinions of this Court in conflict with this holding are, to the extent hereof, overruled.

3. The exception to denial of nonsuit and to matters of evidence require no express treatment.

For reasons stated, let there be a

New Trial.

PARKER, J., not sitting.