STATE OF NORTH CAROLINA v. MATTHEW EDWARDS, JR.

No. 544PA84

(Filed 10 December 1985)

**Constitutional Law § 65; Criminal Law § 73.1— admission of search warrant affidavit—hearsay—denial of right of confrontation—prejudicial error**

The trial court in a prosecution for felonious possession of cocaine erred in permitting a police officer to read into evidence the contents of a search warrant affidavit because statements contained in the affidavit were incompetent hearsay evidence which denied defendant his rights of confrontation and cross-examination of the witnesses against him. Furthermore, such error was prejudicial where the affidavit permitted the State to show through the hearsay statements of an unnamed informant that defendant on a previous occasion

had a large quantity of cocaine in his residence and sold some of it to the informant.

Justice BILLINGS took no part in the consideration or decision of this case.

ON discretionary review, pursuant to N.C.G.S. § 7A-31, of a decision of the Court of Appeals, 70 N.C. App. 317, 319 S.E. 2d 613 (1984), finding no error in defendant's conviction of felonious possession of between 200 and 400 grams of cocaine, sentence of fourteen years' imprisonment and fine of $100,000, entered after a jury trial at the 16 May 1983 Criminal Session of DURHAM County Superior Court, *McLelland, J.*, presiding.

*Lacy H. Thornburg, Attorney General, by Alfred N. Salley, Assistant Attorney General, for the state.*

*Loflin & Loflin by Thomas F. Loflin, III, for defendant appellant.*

EXUM, Justice.

We granted defendant's petition for discretionary review limited to the following two questions: (1) whether the trial court erred in permitting a police witness to read into evidence the search warrant and supporting affidavit in this case; and (2) whether the trial court erred in requiring defendant to proceed to trial with insufficient notice when his case was not on the trial calendar. After considering the first question, we find reversible error and remand for a new trial. We therefore find it unnecessary to reach the second question.

Pursuant to a search warrant, Durham police officers found over 200 grams of a white powder containing cocaine in the right-hand duplex located at 819 Arnette Avenue, Durham, North Carolina, on 30 July 1982. Eight people, including defendant, were in the house at the time. The name on the utilities bill was not defendant's, but a cable television receipt bore the name "Matthew Edwards." The state presented no evidence that defendant leased or owned the premises. Investigating officers found various materials in the kitchen often used in the cocaine trade, including scales, corners of small plastic bags, twist ties, scissors, and playing cards. One of the empty plastic bags lay open in the sink in soapy water. Officers testified that these items and tech-

niques are virtually exclusive to the local cocaine trade. When arrested, defendant was wearing a bathrobe. Some white powder observed on the front of the robe was later determined to be cocaine, and $550 was found in the robe's pocket.

The state also offered in evidence the contents of the affidavit used to obtain the search warrant. This evidence tended to show that a confidential source considered reliable by B. H. Millan, a Durham police officer, contacted Officer E. J. Kolbinsky, an investigator in the Department's Organized Crime Division, during the week of 25 July 1982. The confidential source informed Officer Kolbinsky that defendant Matthew Edwards, Jr., also known as "Steelbottom," had a large quantity of cocaine in his residence, identified as the right side of a duplex at 819 Arnette Avenue, Durham. Shortly thereafter, while under surveillance by Kolbinsky and another police officer, the confidential source entered the right-hand duplex at 819 Arnette Avenue and returned, stating that he or she had purchased cocaine from a man known to him or her as Matthew Edwards, Jr., and that Edwards had a "large quantity" of cocaine on the kitchen table. The state introduced the affidavit into evidence by permitting the affiant, Officer Kolbinsky, to read it verbatim to the jury, over defendant's objection.

Defendant offered no evidence.

We conclude the trial court committed reversible error in permitting the witness to read the entire search warrant affidavit to the jury.

This Court consistently has held that:

> It is error to allow a search warrant together with the affidavit to obtain search warrant to be introduced into evidence because the statements and allegations contained in the affidavit are hearsay statements which deprive the accused of his rights of confrontation and cross-examination. *See State v. Oakes*, 249 N.C. 282, 106 S.E. 2d 206.

*State v. Spillars*, 280 N.C. 341, 352, 185 S.E. 2d 881, 888 (1972). In *Spillars* the affidavit in question contained hearsay statements indicating defendant's complicity in another crime without showing that he had been convicted of that crime. We said: "[T]he effect of admitting the search warrant and affidavit into evidence was to

allow the State to strengthen its case by the use of obviously incompetent evidence." *Id.* at 353, 185 S.E. 2d at 889. We concluded in *Spillars* that the error was reversible.

*Spillars* was based on our holding in *State v. Oakes*, 249 N.C. 282, 106 S.E. 2d 206 (1958), in which we found that the trial court reversibly erred in admitting a peace warrant and the supporting affidavit the victim, defendant's wife, made two days before defendant shot and killed her. We held that the warrant and affidavit constituted improper hearsay statements and precluded defendant from confronting or cross-examining the witness. Despite the trial court's jury instruction limiting the purpose of the peace warrant's introduction, the error was held to be reversible. *State v. Oakes*, 249 N.C. at 285, 106 S.E. 2d at 208.

In later cases we have followed consistently the decision in *Spillars*. We held in *State v. Jackson*, 287 N.C. 470, 215 S.E. 2d 123 (1975), that the trial court committed reversible error by admitting into evidence without restriction the complaint and warrant for defendant's arrest. The arrest warrant and complaint strengthened the state's case with incompetent hearsay evidence and denied defendant his right to confront witnesses against him.

Thus in *Spillars, Oakes* and *Jackson*, this Court held the error in admitting similar affidavits at trial was reversible. These cases treated the error as one of constitutional dimension because the effect of it was to deprive defendant of his constitutional right to cross-examine and confront witnesses against him. Such errors are reversible unless "harmless beyond a reasonable doubt." N.C.G.S. § 15A-1443(b). The burden is upon the state to demonstrate that the error was harmless under the statutory standard. *Id.*

We cannot say here that the state has demonstrated beyond a reasonable doubt that the error was harmless. Although the case against defendant was relatively strong, the evidence that defendant knowingly, constructively possessed a quantity of cocaine necessary for a trafficking conviction was entirely circumstantial; and there were seven other people present at the time of defendant's arrest. The hearsay evidence contained in the affidavit was also quite devastating to defendant. It permitted the state to show through the hearsay statements of some unnamed informant that defendant on a previous occasion had a

large quantity of cocaine in his residence and sold some of it to the informant.

The state argues the affidavit was offered properly to show the background of the raid which resulted in defendant's arrest and the trial court admitted the evidence solely for this purpose and not for the truth of the matters stated therein.

Because of the extremely damaging nature of the admitted hearsay statements, we reject this contention. In *Oakes* a limiting instruction to the jury failed to cure the error in admitting a similarly damaging affidavit against defendant because ". . . the whole was before the jury, and it is feared that the impression was not so easily removed from the minds of the jurors." *State v. Oakes*, 249 N.C. at 284-85, 106 S.E. 2d at 208.

We conclude defendant must be given a new trial. We therefore reverse the decision of the Court of Appeals and remand the case to that court for remand to the Superior Court of Durham County for further proceedings consistent with this opinion.

Reversed and remanded.

Justice BILLINGS took no part in the consideration or decision of this case.